# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRANDON CHRISTIAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Case No. CIV-20-240-J |
| | ) |
| SCOTT CROW, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Petitioner, Brandon Christian, a state prisoner appearing pro se, filed a Petition pursuant to 28 U.S.C. § 2254, seeking habeas relief from a state court conviction (Pet.) [Doc. No. 1]. The matter was referred for initial proceedings to United States Magistrate Judge Shon T. Erwin consistent with 28 U.S.C. § 626(b)(1)(B), (C). Judge Erwin issued a Report and Recommendation recommending that the Petition be denied (Rep. & Rec.) [Doc. No. 43] and Petitioner has objected (Petr.'s Obj.) [Doc. No. 44], triggering de novo review.

Relevant here, in 2015 Petitioner entered a plea of no contest to second degree murder in Garvin County District Court. Over the last five years, Petitioner has filed appeals and applications for post-conviction relief in state court attempting to challenge and/or withdraw his plea. In March 2020, Petitioner filed this habeas Petition alleging:

- Ground One – the plea was not entered knowingly and voluntarily because the trial court failed to: (1) ensure that a sufficient factual basis existed for the plea and (2) advise Petitioner of the proper statutory range of punishment.

- Ground Two – trial counsel rendered ineffective assistance by allowing Petitioner to enter a plea when counsel was aware of Petitioner's mental health issues.

- Ground Three – the trial court erred in refusing to allow Petitioner to withdraw the plea.

- Ground Four – the trial court denied Petitioner a competency hearing.

*See* Pet., *passim*; *see also* Supplement [Doc. No. 18].

On Grounds One and Three, Judge Erwin recommended that the Petition be denied on the merits, and on Grounds Two and Four, he concluded that Petitioner's claims were (or would be) procedurally barred. In response, Petitioner filed a twenty-three-page objection listing at least nineteen individual objections. The Court examines them in turn.

I. **Petitioner's Objection Related to the Standard of Review**

On Grounds One and Three, the Oklahoma Court of Criminal Appeals (OCCA) adjudicated Petitioner's claims on the merits. Thus, the Court may grant habeas relief only if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(1) and (2). Additionally, the Court must defer to the state court's factual determinations so long as "reasonable minds reviewing the record might disagree about the finding in question." *Brumfield v. Cain*, 576 U.S. 305, 313-14 (2015) (citation omitted). "Accordingly, a state court's factual findings are presumed correct, and the petitioner bears the burden of rebutting that presumption by 'clear and convincing evidence.'" *Smith v. Duckworth*, 824 F.3d 1233, 1241 (10th Cir. 2016) (citing 28 U.S.C. § 2254(e)(1)).

Judge Erwin reviewed Petitioner's relevant claims under this standard and Petitioner objects, claiming the trial court and OCCA denied him a full and adequate hearing in state court when they did not allow him to introduce mental health records. *See* Petr.'s Obj. at 8-9. But both the OCCA and Judge Erwin examined Petitioner's allegations of mental illness, including Petitioner's prior institutionalization and testimony from his sister, and Judge Erwin concluded, in

essence, that it did not provide clear and convincing evidence to rebut the OCCA's factual findings. *See* Rep. & Rec. at 8-15.

Petitioner also complains that Judge Erwin based his findings only on the OCCA's opinion and Respondent's response and did not consider Petitioner's facts. *See* Petr.'s Obj. at 18-21. But a plain reading of the Report and Recommendation undermines this objection. That is, Judge Erwin analyzed the record and Petitioner's allegations under the correct standards and thoughtfully addressed Petitioner's arguments. *See* Rep. & Rec., *passim.*

## II.   Petitioner's Objections Related to Ground One

In Ground One, Petitioner first alleged that the trial court failed to ensure there was a factual basis for his plea. Judge Erwin recommended denying habeas relief because Petitioner did not assert his factual innocence at the plea hearing and, under such circumstances, the federal constitution does not require the trial court to establish a factual basis before taking the plea. *See* Rep. & Rec. at 7-8. Petitioner objects, claiming he "believed he was having a non-jury proceeding . . . and such, Petitioner was believing he was asserting his innocence." Petr.'s Obj. at 8. But the record simply contains no evident to suggest Petitioner ever declared his factual innocence at the plea hearing. *See* [Doc. No. 23, Ex. 13, *passim*]; *see also Washington v. Workman*, 376 F. App'x 823, 825 (10th Cir. 2010) ("Although guilty pleas generally must have a factual basis under federal or state law, courts are constitutionally required to establish the factual basis of the plea only if the defendant claims factual innocence when he pleads guilty.").

Petitioner also objects to Judge Erwin's finding that the trial court correctly instructed Petitioner as to the possible sentence range. Petitioner claims he only had "one prior conviction" and was "advised and sentenced as having two or more." Petr.'s Obj. at 8. Petitioner misreads the Report and Recommendation, in which Judge Erwin clearly noted that with one prior conviction,

3

Petitioner was facing a statutory range of punishment of twenty years to life imprisonment. *See* Rep. & Rec. at 8. As this is what the trial court instructed, *see* [Doc. No. 23, Ex. 13 at 20], Judge Erwin correctly found no basis for habeas relief.

### III.     Petitioner's Objections Related to Ground Two

In Ground Two, Petitioner claimed his attorney was ineffective at the plea hearing because the attorney "had clearly been informed of Petitioner's mental health history" and thus knew Petitioner was unable to participate in his own defense. Pet. at 4. Respondent believed this claim had been exhausted through Petitioner's direct appeal, *see* [Doc. No. 23 at 14], but Judge Erwin concluded that the habeas claim was distinct from the claim Petitioner raised on direct appeal. That is, Judge Erwin noted that before this Court, Petitioner emphasized that counsel had clearly been informed of the mental health history and thus should have known Petitioner was incompetent, and on direct appeal, Petitioner argued that counsel failed to conduct a proper investigation into the status of Petitioner's mental health to realize that he was incompetent. *See* Rep. & Rec. at 17-18.

On objection, Petitioner claims Judge Erwin improperly narrowed his ineffective assistance allegation and argues that he raised the relevant claim on direct appeal. *See* Petr.'s Obj. at 7, 12. Notably, Petitioner stated in his Petition that he had raised his habeas claim for the first time in an application for post-conviction relief. *See* Pet. at 4.

After concluding that the claims were distinct, Judge Erwin noted that the OCCA rejected the claim because it could have been raised on direct appeal and thus Judge Erwin found the claim procedurally barred. *See* Rep. & Rec. at 17-18. Petitioner also objects to this conclusion. *See* Petr.'s Obj. at 12, 22.

The Court agrees with Judge Erwin on both issues.  Although the habeas claim and direct appeal claim are similar, they are not the same, and a plain reading of Petitioner's direct appeal makes it clear he was alleging that the attorney had failed to properly investigate – not that he knew about the alleged incompetence and ignored it.  For exhaustion to have occurred, a habeas petitioner must have "fairly presented" to the state courts the "substance" of his federal habeas corpus claim.  *Picard v. Connor*, 404 U.S. 270, 275-76 (1971).  "It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made."  *Anderson v. Harless*, 459 U.S. 4, 6-7 (1982).  Instead, a state prisoner must "present the state courts with the same claim he urges upon the federal courts."  *Picard*, 404 U.S. at 276; *see also Smallwood v. Gibson*, 191 F.3d 1257, 1267 (10th Cir. 1999) (finding ineffective assistance of counsel claims unexhausted when petitioner asserted a different basis for his claims in state court than presented in federal habeas petition).

Further, a habeas claim is generally subject to procedural bar when the OCCA declines to consider a claim's merits based on a state procedural rule that is independent and adequate.  *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  Petitioner objects here only on grounds that he is "exempt" from a procedural bar because he did not have counsel on his "initial-review state collateral proceeding." Petr.'s Obj. at 13, 22.  But Petitioner's initial collateral proceeding was his direct appeal, where he was clearly represented by counsel.  Accordingly, this objection is unpersuasive.

## IV. Petitioner's Objections Related to Ground Three

As noted above, Petitioner alleged in Ground Three that the trial court erred in refusing to allow him to withdraw his guilty plea.  He specified: "[P]etitioner lacks the mental faculties to

truly comprehend the questions and answers give for his plea. He had already been found incompetent in a prior proceeding." Pet. at 5.

Judge Erwin construed this allegation as alleging Petitioner was incompetent and thus could not knowingly and voluntarily enter a guilty plea. *See* Rep. & Rec. at 10-15. Petitioner objects, arguing that the court should not have relied on incompetency case law but then relaunches his argument that he was mentally ill and the trial court should have allowed him a competency hearing and withdrawn the plea. *See* Petr.'s Obj. at 10-12. The Court finds no merit in this objection.

Petitioner offers several more objections related to Ground Three, including that (1) Judge Erwin did not consider (a) "two other people" thought Petitioner was going to have a non-jury trial, (b) various mental health experts reports, and (c) Petitioner's previous suicide attempt; (2) Judge Erwin did not apply a presumption of incompetency; (3) Judge Erwin relied heavily on the plea colloquy and did not allow Petitioner to challenge the colloquy; (4) Judge Erwin was incorrect to find the trial court considered Petitioner's mental health issues when considering whether he could withdraw his plea; and, (5) the OCCA failed to consider these issues under the federal constitution and rendered its decision contrary to Supreme Court precedent. *See id.* at 9-10, 12-18, 22.

Again, a plain reading of the Report and Recommendation belies these objections. Judge Erwin reviewed and addressed Petitioner's allegations and the transcripts from multiple hearings and applied the proper standards to assess the evidence. *See* Rep. & Rec., *passim*. Moreover, Petitioner fails to cite any Supreme Court precedent which is contrary to the OCCA's holding. As such, these objections are overruled.

### V. Petitioner's Objections Related to Ground Four

Petitioner acknowledges that Ground Four is unexhausted, *see* Petr.'s Obj. at 20, and has recently moved to dismiss the habeas Petition so he may return to state court. *See* [Doc. No. 47]. However, Judge Erwin recommends denying the claim under an anticipatory procedural bar. *See* Rep. & Rec. at 23-25. Petitioner objects, again claiming he lacked counsel on his initial collateral review and claiming a presumption of incompetency should apply to prevent a procedural bar. *See* Petr.'s Obj. at 21. The Court has already rejected the first objection, *see supra* at 5, and neither the record nor Petitioner's evidence support his incompetence claims. Thus, the Court overrules Petitioner's objections and DENIES his motion to dismiss [Doc. No. 47].

### VI. Petitioner's Objections Related to Motions

Finally, Petitioner challenges Judge Erwin's ruling denying Petitioner's motion to supplement with additional claims and recommendation to deny Petitioner's motion for evidentiary hearing.

In August 2020, Petitioner sought permission to file a second supplement raising additional habeas claims. [Doc. No. 28]. Judge Erwin denied the motion, finding the claims did not relate back to the original Petition and were untimely. [Doc. No. 39]. Petitioner objects, arguing that Judge Erwin failed to liberally construe his motion to include an actual innocence claim, which would have prevented the claims from being untimely. *See* Petr.'s Obj. at 7-8. However, Judge Erwin clearly understood Petitioner was alleging actual innocence and analyzed whether an actual innocence claim would serve as an exception to the statute of limitations. [Doc. No. 39 at 5-7]. He concluded that it would not, *see id.*, and Petitioner offers no legitimate argument to undermine that ruling.

Petitioner also objects to Judge Erwin's recommendation that his pending motion for evidentiary hearing [Doc. No. 12] be overruled. Notably, the motion requests an evidentiary hearing related to Ground Two issues, and Judge Erwin found that while Petitioner may have diligently pursued an evidentiary hearing regarding whether his attorney failed to investigate his alleged incompetency (as argued on direct appeal), Petitioner did not request a hearing in state court regarding his habeas claim that counsel allowed him to proceed while allegedly knowing he was incompetent. *See* Rep. & Rec. at 26. Petitioner does not address that finding and his objection is otherwise unavailing.

## VII. Conclusion

Having carefully reviewed the Petition, record, Report and Recommendation, and Petitioner's objections de novo, the Court agrees with Judge Erwin's thorough and well-reasoned analysis. Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 43] and DENIES Petitioner's Petition in its entirety. Additionally, Petitioner's pending motions for an evidentiary hearing [Doc. No. 12] and to dismiss the Petition and return to state court [Doc. No. 47] are DENIED. Finally, a certificate of appealability is DENIED, as the Court concludes Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED this 5th day of April, 2021.

BERNARD M. JONES
UNITED STATES DISTRICT JUDGE